UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON, | No. 2:23-cv-01423 DB P |
| Plaintiff, | |
| v. | ORDER |
| J. HICKMAN, et al., | |
| Defendants. | |

Plaintiff Clarence Lonnell Roberson proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint.

**I.      In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

**II.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
4  legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

5  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
6  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
7  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a
8  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
9  sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts
10 alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it
11 rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In
12 reviewing a complaint under this standard, the court accepts as true the allegations of the
13 complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer
14 v. Rhodes, 416 U.S. 232, 236 (1974).

15 **III.    Plaintiff's Allegations**

16 The following events occurred at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.)
17 Defendants Hickman and Staley held plaintiff's fiancée "against her will and forced her to
18 remove all of her clothing." (Id. at 5.) Defendants Feltner and Pierce "stole items out of
19 [plaintiff's] personal property and quarterly package." (Id. at 5) Defendants Bordewick and
20 Sheets "falsified RVR" in hopes plaintiff would be found guilty and placed on restrictions. (Id. at
21 5.)  Defendant Hobbs kept telling officers to force [plaintiff] to A-yard to be attacked." (Id. at 5.)
22 Defendant Guadillo "hid evidence of [plaintiff] being threatened by A-yard inmates." (Id. at 5.)
23 Hobbs and Guadillo did not follow operation manual rules to ensure plaintiff's safety. (Id. at 7.)
24 Defendant Quick "used racial slurs toward [plaintiff] and refused to provide [him] a GTL tablet."
25 (Id. at 5.)

26 The complaint asserts claims for "retaliation for filing a 602 appeal," deprivation of
27 property, and his "right to be protected[.]" (ECF No. 1 at 5-8.) Plaintiff seeks damages and
28 "[t]ermination of all custody staff involved with Greenwall acts." (Id. at 8.)

## IV. Discussion

### A. Legal Standards for Civil Rights Claims under 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Thus, section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

### B. Insufficient Facts to State any Claims

The complaint alleges only one or, at most, two vague sentences regarding any individual defendant's conduct. The complaint does not contain sufficient factual allegations to state a plausible claim under 42 U.S.C. § 1983 against any defendant.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff will be granted an opportunity to file an amended complaint with additional facts about the events that occurred at MCSP. As set forth below, plaintiff may not amend to add unrelated claims regarding events at other facilities. Below, the court provides plaintiff with additional information on relevant legal standards and the complaint's deficiencies.

### C. Retaliation

A viable First Amendment claim for retaliation in the prison context requires the following: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's current allegations do not set forth plaintiff's protected conduct and do not make clear what adverse action any individual defendant took because of plaintiff's protected conduct. Merely using the label "retaliation for filing a 602 appeal" does not suffice to state a claim. See Twombly, 550 U.S. at 555.

### C. Deprivation of Property

Plaintiff does not state a claim based any defendant stealing his personal property. Allegations about unauthorized deprivation of property do not state a Fourteenth Amendment due process claim. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (deprivation of a prisoner's property fails to state a claim under 42 U.S.C. § 1983 because California state law provides an adequate post-deprivation remedy).

### D. "Right to be Protected"

It appears plaintiff is alleging defendants Hobbs and Guadillo failed to protect him from violence or the risk of violence by other inmates. As pleaded, the complaint contains insufficient facts to state a plausible claim under the Eighth Amendment.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take

4

steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

### E.    False RVR

Plaintiff does not state a claim based on allegations of false RVRs. Allegations that prison officials issued false disciplinary charges are not cognizable under § 1983 unless the false disciplinary report was filed in retaliation for his exercise of a constitutional right or the prisoner was not afforded procedural due process in a proceeding concerning the false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997). Otherwise, allegations of false disciplinary reports generally fail to state a claim. See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. Appx. 488 (9th Cir. 2010) ("[D]istrict courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

### F.    Plaintiff's fiancée

Plaintiff does not state a claim based on alleged mistreatment of his fiancée. Plaintiff can only litigate this action on his own behalf and lacks standing to assert the rights of others, including his fiancée. See Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (stating that a party must assert his own rights, not those of third parties) (citing Duke Power Co. v. Carolina Envtl Study Group, 438 U.S. 59, 80 (1978) ); Warth v. Seldin, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party….").

### G.    Racial Slurs

Plaintiff does not state a claim based on allegations that a defendant used racial slurs. Verbal harassment, even if racially motivated, fails to state a claim under § 1983. See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982); see also Burton v. Livingston, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (use of racial slurs in prison does not violate Constitution).

5

**H.      Plaintiff's Notice regarding Additional Grounds (ECF No. 6)**

Plaintiff is currently incarcerated at California Medical Facility ("CMF"). In a document filed on September 11, 2023, plaintiff alleges "MCSP and CMF have come together" in a "greenwall" manner to falsify further RVRs against plaintiff, have inmates attack him, and threaten him to drop his lawsuit. (ECF No. 6 at 1.) To any extent plaintiff is requesting leave to add additional claims related to events that occurred at CMF, the request is denied. This action concerns events that took place at MCSP. Plaintiff may not proceed in this case on unrelated claims arising out of events at CMF. See Fed. R. Civ. P. 20. Unrelated claims against different defendants belong in different suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g). If plaintiff wishes to bring new claims against new defendants at CMF, he must do so in a separate lawsuit.

**V.      Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint involving the alleged deprivations allegedly suffered at MCSP and attempted to be described in the original complaint. If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will be assigned to the case to determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

**VI.     Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a.  An amended complaint curing the deficiencies identified in this order;

    b.  A notice of election to stand on the complaint as filed; or

    c.  A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  April 2, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
robe1423.scrn